# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUFEMIO JIMENEZ NUNEZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:21-cv-0995-JDW |
| | : | |
| **KEVIN PISTRO,** | : | |
| Defendant. | : | |

## MEMORANDUM

Eufemio Jimenez Nunez, a pretrial detainee incarcerated at FDC-Philadelphia ("FDCP"), filed this civil action against Warden Kevin Pistro based on the conditions at the facility. Mr. Nunez seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Nunez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTUAL ALLEGATIONS

Mr. Nunez has been incarcerated at FDCP since February 28, 2020. He had COVID-19 from October 30, 2020, until November 24, 2020. He blames his infection on "the negligences of the staff" at FDCP. (ECF No. 1 at 2.) Mr. Nunez appears to allege that he remained in danger after his infection because ten other inmates in the unit tested positive for COVID-19 but were not removed from the unit. He also alleges that he was not given a second COVID-19 test after he was "clear" from the virus. (*Id.* at 3.)

Two weeks later, Mr. Nunez again contracted COVID-19, and he suffered from pain, headache, fever, chills, and body aches. He received Tylenol as treatment.

During this time, prison authorities kept him locked down for twenty-four hours, and every other day he received fifteen minutes for showers and fifteen minutes for phone calls when the phone was working. He also alleges that on the days he was locked down "for the coronavirus," he received peanut butter and jelly on bread for three meals a day on Friday, Saturday and Sunday, which he describes as cruel and unusual punishment. (*Id.*)

Based on those allegations, Mr. Nunez brings claims against Warden Pistro under the Federal Tort Claims Act and for violating his constitutional rights. He seeks $ 10 million for pain and suffering and contends that he is still in danger of contracting COVID-19 due to the staff's negligence. Before the Court had an opportunity to address Mr. Nunez's Complaint, he filed a document titled "Motion to file a [sic] Amended." In an Order dated April 13, 2021, the Court noted that the motion was unclear, but the Court gave him leave to file an amended complaint by May 12, 2021. The Court informed Mr. Nunez that he did not have to file an amended complaint and that, if he failed to do so, the Court would assume he did not intend to file one. The Court also directed Mr. Nunez to file a motion to proceed *in forma pauperis* if he sought to be excused from prepayment of the fees for this civil action, which he did. Mr. Nunez did not file an amended complaint, so the Court will address the initial Complaint as the governing pleading.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*,

886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the Complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the Court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Because Mr. Nunez is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Nunez has completed the form provided on the Court's website for applications to proceed *in forma pauperis*; he has attested under penalty of perjury that he cannot afford to pay the filing fees; and he has provided a copy of his Prisoner Trust Fund account statement. That information demonstrates that Mr. Nunez lacks the income or assets to pay the required filing fees. The Court will grant him lave to proceed *in forma pauperis*, though he will still have to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

**B.     Plausibility Of Complaint**

   ***1.     Bivens* Claims**

Although Mr. Nunez references 42 U.S.C. § 1983 in his Complaint, that statute only applies to state and local officials, not to a federal official like Warden Pistro. The Court therefore construes the Complaint to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). The Court understands Mr. Nunez to be raising *Bivens* claims against Warden Pistro for violation of Mr. Nunez's Fifth Amendment due process rights based on the fact that Mr. Nunez contracted COVID-19 and the related conditions in which he was confined.

Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct.

4

1843, 1857 (2017), a court must undertake a "rigorous inquiry . . . before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200; *see also Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *2 (3d Cir. May 21, 2021) ( "while *Bivens* claims are disfavored, they do not automatically fail"). That inquiry involves determining whether the case presents a new context for a *Bivens* claim and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*." *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58.

The Court need not decide whether a prisoner can assert a *Bivens* claim relating to conditions of confinement. Even assuming Mr. Nunez had such a claim available to him, he has not stated a plausible claim against Warden Pistro because he has not alleged that Warden Pistro, himself, did anything wrong. "[V]icarious liability is inapplicable to *Bivens* and § 1983 suits." *Iqbal*, 556 U.S. at 676. As a result, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Although Mr. Nunez names Warden Pistro as the Defendant in this case, he makes no allegation about Warden Pistro's individual actions. Nor has Mr. Nunez pled facts to support a claim of supervisory liability on Warden Pistro's part, even assuming *Bivens* allows for such a claim.

### 2. **FTCA Claims**

The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances

5

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (providing that, for tort claims, the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))). The United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

A plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting *Shelton*, 775 F.3d at 569). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569. Therefore, a plaintiff "must . . . plead

6

administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

Mr. Nunez's FTCA claims fail for two reasons. First, the United States is the only proper defendant in an FTCA case, but Mr. Nunez has not named the United States as a Defendant. Second, it is not clear that Mr. Nunez exhausted administrative remedies prior to filing his Complaint. *See McFadden v. United States*, Civ. A. No. 19-2900, 2021 WL 1088307, at *3 (E.D. Pa. Mar. 22, 2021) (discussing how to exhaust administrative remedies with the BOP prior to pursuing a FTCA claim); *see also* 28 C.F.R. § 543.31. In sum, Mr. Nunez has not named the proper defendant, nor can the Court determine that Mr. Nunez satisfied the prerequisites to an FTCA claim.

## IV. CONCLUSION

The Court will grant Mr. Nunez leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will give Mr. Nunez leave to file an amended complaint in the event he can state a plausible basis for a claim within the Court's jurisdiction against an appropriate defendant. Any such amended complaint must take account of and be consistent with this decision. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 3, 2021