## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUFEMIO JIMENEZ NUNEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Case No. 2:21-cv-0995-JDW** |
| | : | |
| **KEVIN PISTRO,** *et al,* | : | |
| **Defendants.** | : | |

## MEMORANDUM

Eufemio Jimenez Nunez, a pretrial detainee incarcerated at FDC-Philadelphia ("FDCP"), filed this civil action against Warden Kevin Pistro and an unidentified "Health Service Administrator" because he allegedly contracted COVID-19 and suffered severe symptoms at FDCP. The Court will dismiss Mr. Nunez's Amended Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Nunez's Amended Complaint is sparse.  He alleges that the events giving rise to his claims have been ongoing since December 2020.  He claims that he contracted COVID-19 as a result of "negligence" at FDCP.  Mr. Nunez alleges that Warden Pistro is "responsible for the overall operations" of the facility and that "Health Service Administrator "is responsible for the total operations of medical staff."  (ECF No. 12 at 5.)  Each is named in his individual and official capacity. (*Id.* at 2.)  Mr. Nunez asserts claims for violations of his Fifth and Eighth Amendment rights because each Defendant was "aware of the situation but failed to properly remedy the matter." (*Id.* at 4.)

## II.    STANDARD OF REVIEW

Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the Complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the Court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Because Mr. Nunez is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Eighth Amendment

The Eighth Amendment governs claims brought by convicted and sentenced inmates challenging their conditions of confinement, while the Due Process Clause of the Fifth Amendment governs claims brought by pretrial detainees in federal custody. *See Bistrian v. Levi*, 912 F.3d 79, 91 (3d Cir. 2018). Mr. Nunez indicates that he was a pretrial detainee and immigration detainee at the time of the relevant events, so the Eighth Amendment does not apply to him.

### B.    Fifth Amendment

Mr. Nunez's Fifth Amendment claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). Since the Supreme Court decided *Bivens* in 1971, it has recognized an implied private action

against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment (*Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has also "repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017).

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a court must undertake a "rigorous inquiry . . . before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200; *see also Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *2 (3d Cir. May 21, 2021) ("while *Bivens* claims are disfavored, they do not automatically fail"). That inquiry involves determining whether the case presents a new context for a *Bivens* claim and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*." *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58.

Even assuming that Mr. Nunez has a *Bivens* remedy available to him based on the conditions of his confinement, he has not stated a plausible claim against the Defendants. To state a constitutional claim in this context, Mr. Nunez must allege

facts plausibly establishing that each Defendant confined him in conditions that amounted to punishment or that each of them was deliberately indifferent to his serious medical needs. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). Additionally, "[b]ecause vicarious liability is inapplicable to *Bivens . . .* suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 663, 676 (2009).

Mr. Nunez's Amended Complaint fails to allege a constitutional violation on the part of either Defendant. He alleges that he contracted COVID-19 while incarcerated but does not allege any facts from which this Court could infer that the conditions of his confinement were constitutionally deficient. His diagnosis alone is an insufficient basis upon which to establish a constitutional violation. *See Hope*, 972 F.3d at 330 (Constitution does not require the government to entirely eliminate the risk of contracting COVID-19 in a prison setting). In any event, just alleging that Defendants operate the FDCP and its health services and generally alleging their awareness of the "situation" does not adequately allege their personal involvement, whether on an individual or supervisory level. *See Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 70 (3d Cir. 2011); *see also Figueroa v. Pistro*, Civ. A. No. 21-0041, 2021 WL 601096, at *4 (E.D. Pa. Feb. 16, 2021) ("[O]ther than being identified as the Warden at the Philadelphia FDC, there is no other mention of Pistro in Figueroa's Complaint.").

## IV. CONCLUSION

The Court will dismiss Mr. Nunez's Amended Complaint. Upon screening Nunez's initial Complaint, the Court identified defects in Mr. Nunez's claims and made clear to Mr. Nunez that any Amended Complaint should address those defects. Mr. Nunez's Amended Complaint contains essentially the same defects as his initial Complaint. Accordingly, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* prisoner would be futile when prisoner "already had two chances to tell his story"). An Order follows dismissing this case with prejudice.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 13, 2021